**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEBRA ANGLIN, | ) Case No.: 1:14-cv-00528 - JLT |
| Plaintiff, | )<br>) ORDER GRANTING PLAINTIFF'S MOTION TO |
| v. | ) COMPEL PRODUCTION OF RESPONSES AND<br>) DOCUMENTS AND FOR SANCTIONS |
| LA SALSA FAMILY RESTAURANT, dba<br>LA SALSA FRESH GRILL, | )<br>) (Doc. 15) |
| Defendant. | )<br>) |

Plaintiff Debra Anglin seeks to compel Defendant La Salsa Family Restaurant, doing business as La Salsa Fresh Grill, to produce documents responsive to her Requests for Production of Documents, Set Two. (Doc. 15.) Defendant did not oppose the motion. For the reasons set forth below, Plaintiff's motion to compel discovery is **GRANTED**.

**I.      Factual and Procedural History**

Plaintiff initiated this action by filing a complaint against Defendant on April 15, 2014. (Doc. 1.) Plaintiff seeks to "challenge the physical barriers and discriminatory policies" of Defendant, in violation of the Americans with Disabilities Act and related California civil rights laws. (*Id.* at 2.) She asserts Defendant "constructed and/or failed to remove architectural barriers that prevent individuals who use wheelchairs from having full and equal access to the public facilities at La Salsa, subjecting Plaintiff to discrimination on the basis of her disabilities." (*Id.*) Defendant filed its answer to the complaint on July 14, 2014.

1

1    The Court held a scheduling conference on August 14, 2014, at which the Court set a non-

2 expert discovery deadline for June 22, 2015. (Doc. 11 at 1.)  On September 9, 2013, the Court vacated a

3 mid-discovery status conference, but reminded the parties "of their obligation to complete all discovery

4 within the time frames set forth in the Scheduling Order."  (Doc. 13.)  Plaintiff filed the motion now

5 pending before the Court on February 2, 2015, asserting Defendant failed to respond to her second set

6 of Requests for Production of Documents.  (Doc. 15.)

7 **II.      Scope of Discovery and Requests**

8    The scope and limitations of discovery are set forth by the Federal Rules of Civil Procedure

9 and Evidence.  Fed. R. Civ. P. 26(b) states:

10   Unless otherwise limited by court order, parties may obtain discovery regarding any
     nonprivileged manner that is relevant to any party's claim or defense – including the
11   existence, description, nature, custody, condition, and location of any documents or
     other tangible things…For good cause, the court may order discovery of any matter
12   relevant to the subject matter involved in the accident. Relevant information need not
     be admissible at the trial if the discovery appears reasonably calculated to lead to the
13   discovery of admissible evidence.

14 Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that

15 is of consequence to the determination of the action more probable or less probable than it would be

16 without the evidence."  Fed. R. Evid. 401.  Relevancy to a subject matter is interpreted "broadly to

17 encompass any matter that bears on, or that reasonably could lead to other matter that could bear on,

18 any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

19 **III.     Requests for Production**

20   A party may request documents "in the responding party's possession, custody, or control."

21 Fed. R. Civ. P. 34(a)(1).  Similarly, a party may serve a request "to permit entry onto designated land

22 or other property possessed or controlled by the responding party, so that the requesting party may

23 inspect, measure, survey, photograph, test, or sample the property . . ."  Fed. R. Civ. P. 34(a)(2).  A

24 request is adequate if it describes items with "reasonable particularity;" specifies a reasonable time,

25 place, and manner for the inspection; and specifies the form or forms in which electronic information

26 can be produced.  Fed. R. Civ. P. 34(b).  Thus, a request is sufficiently clear if it "places the party

27 upon 'reasonable notice of what is called for and what is not.'"  *Kidwiler v. Progressive Paloverde Ins.*

28 *Co.*, 192. F.R.D. 193, 202 (N.D. W. Va. 2000) (quoting *Parsons v. Jefferson-Pilot Corp.*, 141 F.R.D.

1  408, 412 (M.D.N.C. 1992)); *see also* Schwarzer, Tashima & Wagstaffe, *California Practice Guide*:

2  *Federal Civil Procedure Before Trial* (Rev. #1 2011) Discovery, para. 11:1886 ("the apparent test is

3  whether a respondent of average intelligence would know what items to produce").

4        The responding party must respond in writing and is obliged to produce all specified relevant

5  and non-privileged documents, tangible things, or electronically stored information in its "possession,

6  custody, or control" on the date specified.  Fed. R. Civ. P. 34(a).  Actual possession, custody or control

7  is not required.  "A party may be ordered to produce a document in the possession of a non-party entity

8  if that party has a legal right to obtain the document or has control over the entity who is in possession

9  of the document."  *Soto v. City of Concord*, 162 F.R.D. 603, 620 (N.D. Cal. 1995).  Such documents

10  include documents under the control of the party's attorney.  *Meeks v. Parson*, 2009 U.S. Dist. LEXIS

11  90283, 2009 WL 3303718 (E.D. Cal. September 18, 2009) (involving a subpoena to the CDCR); *Axler*

12  *v. Scientific Ecology Group, Inc*., 196 F.R.D. 210, 212 (D.Mass. 2000) (A "party must produce

13  otherwise discoverable documents that are in his attorneys' possession, custody or control").

14        In the alternative, a party may state an objection to a request, including the reasons.  Fed. R.

15  Civ. P. 34(b)(2)(A)-(B).  When a party resists discovery, he "has the burden to show that discovery

16  should not be allowed, and has the burden of clarifying, explaining, and supporting [any] objections."

17  *Oakes v. Halvorsen Marine Ltd.*, 189 F.R.D 281, 283 (C.D. Cal. 1998) (citing *Nestle Food Corp. v.*

18  *Aetna Cas. & Sur. Co.*, 135 F.R.D. 101, 104 (D.N.J. 1990)).

19  **IV.    Discussion and Analysis**

20        Under the Federal Rules, "[a] party seeking discovery may move for an order compelling an

21  answer, designation, production or inspection" when "a party fails to answer an interrogatory

22  submitted under Rule 33; or . . . a party fails to respond that inspection will be permitted – or fails to

23  permit inspection – as requested under Rule 34."  Fed. R. Civ. P. 37(a)(3)(B).  Here, Plaintiff asserts

24  Defendant has failed to her Requests for Production of Documents- Set Two.  (Doc. 15 at 2.)  Thus,

25  Plaintiff contends a Court's order is necessary to compel the responses.

26        Plaintiff reports that she "propounded Set Two Requests for Production of Documents upon

27  Defendant La Salsa Family Restaurant" on December 1, 2014.  (Doc. 15 at 2.)  As a result, Defendant's

28  responses were due on January 3, 2015.  (*Id.*)  However, Defendant requested additional time, which

1  Plaintiff granted, extending the deadline to January 19, 2015.  (*Id.*)  However, no responses were served

2  by Defendant.  (*Id.*)  Plaintiff's counsel Amanda Lockhart reports that on February 5, 2015, she

3  "emailed a letter to defense counsel in an attempt to meet and confer" and "urged Defendant to serve

4  the responses immediately."  (Doc. 15-1 at 2, Lockhart Decl. ¶ 5.)  Defendant's counsel, Bruce Neilson,

5  did not provide the discovery responses but, instead, emailed a settlement offer, to which Ms. Lockhart

6  replied on February 11, 2015.  (Lockhart Decl. ¶ 9; Doc. 15-2 at 14.)  In this response, Ms. Lockhart

7  reported she would "file a motion and seek sanctions" if no responses were provided within 10 days.

8  *Id.*  Defendant requested a second extension of time to respond to the discovery requests on February

9  25, 2015.  (Doc. 15-2 at 16.)  Ms. Lockhart denied the request, saying "[a]n extension is a moot point,"

10  because the responses were "past due."  (*Id.* at 18.)

11       To date, Defendant has not responded to Plaintiff's Requests for Production- Set Two and did

12  not cooperate with the preparation of the joint statement which would have set forth Defendant's

13  position on the motion.  (Doc. 15 at 2.)  Given Defendant's complete failure to respond to the request,

14  Plaintiff's motion to compel production of responsive documents is **GRANTED**.

15  **V.     Award of Attorney Fees**

16       At the hearing, Plaintiff withdrew her request for an award of attorneys' fees.

17  **VI.    Conclusion and Order**

18       Defendant has failed to respond to Plaintiff's requests for production of documents, though the

19  original request was made approximately five months ago, and Plaintiff attempted to solve the

20  discovery dispute without the assistance of the Court.  This motion was necessitated by Defendant's

21  unwillingness to provide responses. Therefore, Defendant shall pay the reasonable expenses incurred

22  in making the motion.

23       Accordingly, **IT IS HEREBY ORDERED**:

24       1.    Plaintiff's motion to compel production of documents is **GRANTED.** Defendant

25             **SHALL** produce all documents responsive to Plaintiff's Request for Production- Set

26             Two and in their possession **no later than May 15, 2015**.  As to documents that must

27             be obtained by Defendant from the IRS, the request for the documents **SHALL** be

28

4

made no later than **May 11, 2015** and produced as soon as received by Defendant but not later than **June 1, 2015**.[1]

**The failure to comply with this Order may result in sanctions, up to and including striking the answer and entering default.**

IT IS SO ORDERED.

Dated:   **May 8, 2015**                          **/s/ Jennifer L. Thurston**
                                                UNITED STATES MAGISTRATE JUDGE

---

[1] In the event the IRS has  not produced the documents to Defendant such to allow compliance with this order, **no later than June 1, 2015**, Defendant **SHALL** provide Plaintiff a written status report as to its expectation as to when the documents will be received and produced.